724 F.Supp. 367 (1988)
Verna BAIRD
v.
Robert HAITH, Jr., individually and in his capacity as Administrator, Veterans Administration and Josephine Magness, individually and in her capacity as Chief, Nursing Service, Veterans Administration and Josephine Ziek, individually and in her capacity as Nursing Supervisor, Veterans Administration and June Culley, individually and in her capacity as Head Nurse, Veterans Administration.
Civ. No. HM-84-1053.
United States District Court, D. Maryland.
August 31, 1988.
*368 *369 Gil A. Abramson, Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.
J. Frederick Motz, U.S. Atty., Jack C. Tranter and Glenda G. Gordon, Asst. U.S. Attys., Edward J. McGarrity, Larry D. Adams, Staff Atty., Veterans Admin., Baltimore, Md., for defendants.

MEMORANDUM
HERBERT F. MURRAY, District Judge.
Plaintiff Verna Baird ("Baird"), formerly a registered nurse at the Veterans Administration ("VA") Medical Center ("Center") at Fort Howard, has brought this action against four employees of the Center, in their individual and official capacities. Defendants are Robert Haith, Jr. ("Haith"), Administrator of the Center; Josephine Magness ("Magness"), Chief, Nursing Service; Josephine Ziek ("Ziek"), Nursing Supervisor; and June Culley ("Culley"), Head Nurse. Plaintiff's five-count complaint alleges: Count I, breach of contract; Count II, intentional infliction of emotional distress; Count III, violation of her constitutional rights, 42 U.S.C. Section 1983; Count IV, conspiracy to violate her constitutional rights, 42 U.S.C. Section 1985(3); and Count V, violation of her civil rights as guaranteed under Article 36 of the Maryland Declaration of Rights. For each of the latter four counts, she requests $100,000.00 in compensatory and $250,000.00 in punitive damages from each defendant. For her breach of contract count, she requests $100,000.00 in compensatory damages from defendants in their official capacities.
*370 Baird initially filed her complaint in this case in the Circuit Court for Baltimore City. The defendants then removed the case from the Circuit Court to this Court, pursuant to 28 U.S.C. § 1442(a)(1). A few days after plaintiff had filed her complaint in the Circuit Court, she filed in this Court a virtually identical complaint[1] regarding the same series of events alleging religious discrimination in violation of § 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, as amended 1972.[2] Civil No. HM84-194. Defendant in this second case, still pending, is Harry N. Walters, Administrator of Veterans Affairs.[3]
Presently before the court are:
1. Defendants' Motion to Dismiss, Paper No. 6[4];
2. Plaintiff's Opposition to Defendants' Petition for Removal, Paper No. 7[5];
3. Plaintiff's Motion for Leave to File Amended Complaint, Paper No. 11;
4. Plaintiff's Motion for Leave to File Second Amended Complaint, Paper No. 16.
The Court has reviewed the numerous memoranda submitted by the parties on these motions and determines that no hearing is required. Local Rule 6. The Court is now prepared to rule.

FACTUAL BACKGROUND[6]
Plaintiff was hired as a nurse at the Center in late January of 1982. During her employment interview, she advised Ms. Mosely, Assistant Chief Nurse (not a defendant in this action), that she belonged to the Seventh Day Adventist Church, and that her religion proscribed work on Saturday, the Church's Sabbath. Plaintiff was not scheduled to work Saturday shifts for over a year. On March 2, 1983, Ms. Yetta Barra, Head Nurse (also not a defendant in this action), informed plaintiff that she would have to work alternate Saturdays. On March 6, 1983, plaintiff learned that she had been scheduled to work on Saturday, April 2, 1983. Plaintiff made complaints to several hospital personnel, none of which resulted in a resolution satisfactory to her. She did not appear for work on Saturday April 2, 1983. A written admonishment was placed in her personnel file for this absence without leave. She was not scheduled for any subsequent Saturdays. Plaintiff attempted without success to get the disciplinary notice removed from her file. In June 1983, plaintiff's first job review rated her as "barely satisfactory". Plaintiff did not receive a scheduled salary increase or a promotion to Head Nurse. The Center terminated plaintiff's employment on January 17, 1984.

*371 PLAINTIFF'S OPPOSITION TO PETITION FOR REMOVAL, PAPER NO. 7
Defendants petitioned to remove the case pursuant to 28 U.S.C. § 1442(a)(1), commonly known as the federal officer's removal statute. They contend that, as they are officers of the VA acting under color of their offices, removal is proper. Willingham v. Morgan, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). Upon a preliminary determination that defendants acted under color of office, this right of removal is absolute and not subject to the discretion of the court. Malone v. Longo, 463 F.Supp. 139, 141 (E.D.N.Y. 1979) (VA nurse properly removed defamation action against her by another VA nurse). In the instant case, the Court finds that the defendants were acting within the scope of their duty.[7] All of the incidents complained of happened at the Center, and during the regular working hours of the defendants. It is unlikely that any of the defendants would have been on the premises of the Center interacting with the plaintiff if they had not been acting within the scope of their employment. The Court will grant the petition for removal, denying the implied motion for remand.

PLAINTIFF'S FIRST MOTION FOR LEAVE TO AMEND COMPLAINT, PAPER NO. 11
In plaintiff's first proposed amended complaint, attached to Paper No. 11, she wishes to change Count III of her complaint from a cause of action under Section 1983 to one permissible under the authority of Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In all other respects, her complaint is identical. Fed.R. Civ.P. 15(a) permits one amendment at any time prior to the filing of a responsive pleading. As of this writing, defendants have filed only a motion to dismiss in response to the complaint. As this motion to dismiss does not constitute a responsive pleading, plaintiff is still entitled to amend as of course. Smith v. Blackledge, 451 F.2d 1201, 1203 n. 2 (4th Cir.1971); Walgren v. Howes, 482 F.2d 95, 96 n. 1 (1st Cir.1973). Accordingly, the Court will grant plaintiff's first motion for leave to amend complaint.

DEFENDANTS' MOTION TO DISMISS, PAPER NO. 6
Defendants move to dismiss the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6). For the reasons outlined below, the Court will grant the motion and will dismiss all counts of the complaint as to all defendants.
Defendants filed their motion to dismiss after the filing of the first complaint and before plaintiff filed her proposed amended complaint. As noted above, the amended complaint changes Count III from a Section 1983 action to a Bivens action. Accordingly, defendant's Motion to Dismiss for Counts I, II, IV and V continues in force. Since the filing of the proposed amended complaint, the parties have filed between them seven supplemental memoranda addressing the validity of the amended Count III, as well as of the other four counts.[8] The Court finds that this issue has been more than adequately briefed, and will exercise its discretion to view these supplements *372 as constituting a motion to dismiss the new Count III, with responses.

Dismissal Under Rule 12(b)(1)
The defendants make two blanket arguments in support of their motion to dismiss under 12(b)(1). They first allege that the Court has no subject matter jurisdiction because Title VII pre-empts each of plaintiff's causes of action against these federal defendants in both their official and individual capacities. Brown v. General Services Agency, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). They next contend that the Court lacks subject matter jurisdiction over the complaint because, to the extent plaintiff requests recovery from the defendants in their official capacities, the doctrine of sovereign immunity bars her suit. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).
The Supreme Court in Brown determined, based on its review of the legislative history, that "the structure of the 1972 amendment itself fully confirms that Congress intended [§ 717] to be exclusive and pre-emptive." Supra, 425 U.S. at 829, 96 S.Ct. at 1966. The Court concluded that "§ 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." Id., at 835, 96 S.Ct. at 1969. However, the Supreme Court in that opinion did not address Title VII's preclusive effect on state law claims distinct from discrimination in employment. Nor did it address the pre-emption of liability against individual federal supervisors. The individual defendants could not be sued under Title VII in any event. See e.g., DiMaggio v. United States Postal Service, 643 F.Supp. 1, 5 (D.Conn.1984) and cases cited therein. Further, the Supreme Court in its determination relied, at least in part, on the fact that sovereign immunity possibly barred other causes of action against the United States as employer, which would not be the case for lawsuits against the individual defendants. Brown, supra, 425 U.S. at 826-7, 827 n. 8, 833, 96 S.Ct. at 1964-65, 1965 n. 8, 1968. The Court will not dismiss Baird's complaint in toto on this basis, but will address the impact of Brown in its discussion of each count.
The Court agrees that the suit against defendants in their official capacity is in effect a suit against the United States, as any damages would be paid from the federal treasury. However, contrary to the defendants' assertion, Congress has waived immunity for the sovereign for some of the causes of action that plaintiff alleges. The Court will not dismiss all of plaintiff's complaint on this basis before considering the doctrine in its analysis of each individual count.

Dismissal Under Rule 12(b)(6)
For the purposes of a Rule 12(b)(6) motion, the Court must take the material factual allegations of the complaint as admitted. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). The general rule is that the Court should dismiss plaintiff's complaint only if it appears that she could prove no set of facts which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Linder Steel Erection v. Alumisteel Systems, 88 F.R.D. 629, 631 (D.Md.1980).
However, when defendants are federal officials, they may be entitled to absolute or qualified immunity which would render litigation unnecessary. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Butz v. Economou, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). As this potentially unnecessary litigation, with its attendant discovery, "can be peculiarly disruptive of effective government", plaintiff's complaint must contain specific factual information, rather than conclusory allegations. Harlow, supra, 457 U.S. at 817-18, 102 S.Ct. at 2737-38. "Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss." Butz, supra, 438 U.S. at 507-508, 98 S.Ct. at 2911-12; see also Weathers v. Ebert, 505 F.2d 514, 517 (4th Cir.1974), *373 cert. denied 424 U.S. 975, 96 S.Ct. 1480, 47 L.Ed.2d 745 (1976); Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir.1985); Angola v. Civiletti, 666 F.2d 1, 4 (2d Cir.1980).

Defendants Haith and Culley
Applying the above standard to the instant case, the Court will dismiss the complaint against Haith and Culley, in both their official and individual capacities. Neither of their names appear once in the Facts section of Baird's complaint, first amended complaint or proposed second amended complaint. Plaintiff argues that these two defendants are included when she refers to "defendant" or "defendants". Plaintiff's complaint is very confusing in this regard. At times, plaintiff's references to defendant seem to indicate that she is referring to the VA.[9] Further, when she refers to the defendants collectively, she makes only conclusory allegations. With respect to these two defendants, her complaint does not satisfy the standards set in Butz and Harlow. The Court will dismiss all counts of the complaint as to Haith and Culley. The Court's references to "defendants" will refer solely to defendants Ziek and Magness.
Plaintiff has attempted to cure her failure to include Haith and Culley in the body of the complaint by submitting an affidavit regarding Culley and a letter from Haith dated September 30, 1983. Plaintiff's Opposition to Supplemental Memorandum in Support of Defendants' Motion to Dismiss, Paper No. 10, Attachments. Were plaintiff pro se, the Court might consider these documents as amendments to the complaint. However, plaintiff is represented by counsel, and the allegations in the affidavit should have been included in the proposed amended complaint. The Court notes that it has read the affidavit and the letter. Nothing in either of those documents changes the Court's conclusion that none of the counts of plaintiff's complaint state a claim upon which relief can be granted. Even if the Court did not dismiss the complaint as to Haith and Culley for the reason it does, it would dismiss it on the merits.

Count I: Breach of Contract

I. Defendants in their Official Capacities
Plaintiff allegedly sues defendants only in their official capacity in this count.[10] Defendants make four arguments in support of their motion to dismiss this count. First, they contend that the Court lacks subject matter jurisdiction because § 717 of Title VII pre-empts plaintiff's action. Next, they argue that plaintiff has named the wrong party as defendant. Further, they argue that, even if she had sued the United States, sovereign immunity bars her suit. Finally, they contend that, if plaintiff has any cause of action against the United States, she can bring it only in the Court of Claims.

a. Title VII Pre-Emption Argument

Defendants argue first that § 717, as the exclusive remedy for discrimination in federal employment for federal employees, pre-empts plaintiff's breach of contract claim. Brown, supra, 425 U.S. at 835, 96 S.Ct. at 7969. Therefore, the Court lacks subject matter jurisdiction. Plaintiff argues that, over and above whatever constitutional rights the defendants owed her, they also contracted to employ her without requiring her to work on her Sabbath.
The Court concludes that, although the reach of the Brown decision is broad, it cannot act to pre-empt causes of action which, while arising from the same set of facts, are completely distinct from discrimination. See Ethnic Employees of Library v. Boorstin, 751 F.2d 1405, 1415-1416 (D.C. Cir.1985); Ray v. Nimmo, 704 F.2d 1480, 1485 (11th Cir.1983); Stewart v. Thomas, 538 F.Supp. 891, 896 (D.D.C.1982). The Court must therefore examine Baird's complaint to determine if she is attempting to bypass the administrative and remedies restrictions *374 of Title VII "by the simple expedient of putting a different label on the pleadings." Brown, supra, 425 U.S. at 833, 96 S.Ct. at 1968, quoting Preiser v. Rodriguez, 411 U.S. 475, 489-490, 93 S.Ct. 1827, 1836-37, 36 L.Ed.2d 439 (1973).
Paragraph 2 of the complaint, in which the plaintiff describes her perception of the formation of the contract, states:
Plaintiff was hired as a nurse by the Veterans Administration in late January, 1982. On her application for employment and in her interview with Ms. Amy Mosely, Assistant Chief Nurse, Ms. Baird indicated that because of her religious beliefs, she would not be able to work on her Sabbath. Ms. Mosely said that this would not present a problem and that it was Plaintiff's right to observe her Sabbath. Ms. Mosely also informed Plaintiff that based on her prior experience, her starting salary would be over $23,000.00 a year. Based on these representations, Ms. Baird accepted the position of registered nurse in the unit of the Veterans Administration's Fort Howard, Maryland facility which provides geriatric care.
The Court finds that plaintiff's allegations regarding the representations of Mosely as to the conditions of plaintiff's employment and her allegation regarding her reliance on these representations in accepting the job state a claim for breach of contract sufficiently distinct from her complaint of employment discrimination to make the holding of Brown inapplicable.[11] The Court finds that § 717 does not act, in the instant case, to deprive the Court of subject matter jurisdiction over Count I.

b. Wrong Party as Defendant

Defendants next argue that for this count, as plaintiff seeks recovery from defendants in their official capacities, she seeks recovery from the United States. As Baird did not sue the United States, she has named the wrong party, and the complaint should be dismissed on this basis. The Court agrees, and notes that this defect has not been cured in either the first or even the proposed second amended complaint. The Court will dismiss this count of the complaint against defendants in their official capacities on this basis.

c. Sovereign Immunity Arguments

The Court disagrees with defendants' argument that sovereign immunity bars this type of action. Congress has in fact waived immunity for the sovereign in contract actions. However, as with all waivers of immunity, the Court must construe the waiver strictly in favor of the sovereign. Thigpen v. United States, 800 F.2d 393, 394 (4th Cir.1986), rejected on other grounds Sheridan v. United States, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988); Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983). To take advantage of this waiver, plaintiff must comply with the procedures mandated by Congress. She has not done so. For contract claims demanding in excess of $10,000.00, Congress' waiver of immunity granted exclusive jurisdiction to the United States Claims Court. 28 U.S.C. §§ 1346(a)(2), 1491. As plaintiff prays $100,000.00 compensatory damages, this Court cannot entertain jurisdiction over plaintiff's breach of contract claim. The Court will on this basis also dismiss this count of the complaint against all defendants in their official capacities.

II. Defendants in their Individual Capacities
Although plaintiff names the defendants only in their official capacities, she appears to attempt to implicate the individual defendants with the twisted argument that, because the individual defendants are agents of the VA, they are individually liable for her alleged contract with the VA. "Defendants claim that they were not Plaintiff's employer and so cannot be sued for breach of contract.... However, as Plaintiff's superiors, they were agents of the United States Veterans Administration, with whom the Plaintiff did have a contract *375 of employment." Plaintiff's Opposition to Supplemental Memorandum, Paper # 10, at p. 4 n. 2.
The Court declines to adopt this reasoning, which turns agency law on its head. A basic tenet of agency law is that an agent is not liable for his or her own acts, if undertaken on behalf of a disclosed principal.[12]A.S. Abell Co. v. Skeen, 265 Md. 53, 56, 288 A.2d 596 (1972).[13] Plaintiff appears to claim that these individuals are liable not only for their own alleged acts undertaken on behalf of their principal, but also for acts undertaken by the principal and other agents of the principal. Defendants cannot be individually liable on this basis.
Further, it is crystal clear from the complaint that none of the four named defendants contracted with the plaintiff in any independent fashion. A valid contract requires an offer, acceptance of the offer, and consideration. Beall v. Beall, 291 Md. 224, 227-229, 434 A.2d 1015 (1981); Buffalo Pressed Steel v. Kirwan, 138 Md. 60, 113 A. 628 (1921). Count I of plaintiff's complaint reads, in relevant part:
Defendants have breached the contract of employment created by its assurances that Plaintiff would not have to work on her Sabbath, that Plaintiff would be paid over $23,000.00 per year, and by the provisions of its personnel manual which relate to performance evaluations and which promise to treat employees nondiscriminatorily and to maintain equal employment opportunities.
Yet plaintiff's own telling of the story, at Paragraph 2, quoted supra, reveals that none of the named defendants made any assurances to her about working on her Sabbath, and none of the named defendants made any representation of any kind about her salary. Further, none of the defendants as an individual has a personnel manual. On its face, plaintiff's description does not even approximate the making of a valid contract with any of the individual defendants.
The Court will dismiss this count of the complaint as to all defendants individually for failure to state a claim upon which relief can be granted.

Count II: Intentional Infliction of Emotional Distress

I. Defendants in their Official Capacities

Defendants argue that Title VII also precludes this cause of action. As above, the defendants' next argument is that the suit against the defendants in their official capacity is a lawsuit against the United States, and that the United States has not waived its immunity to suits such as this. Finally, they argue that Baird's complaint fails to establish the requisite elements of a case of intentional infliction of emotional distress.

a. Title VII Argument

Defendants argue, as they did for Count I, that Baird is restricted to relief under § 717 of Title VII. Plaintiff argues that, in addition to whatever religious discrimination was practiced against her, the four employees committed an intentional tort against her.
The Court reaches the same conclusion that it did for plaintiff's breach of contract count. To the extent this tort count is identical to a claim of religious discrimination, plaintiff must proceed under Title VII, with its administrative requirements and its limitations on damages. However, to the extent she has alleged intentional infliction of emotional distress separate from discrimination, even though the two causes of action arose from the same series of events, the Brown decision does not require pre-emption by § 717. Stewart, supra, 538 F.Supp. at 895-6. The Court must again examine plaintiff's complaint to determine *376 if she has successfully alleged infliction of emotional distress separate from religious discrimination.
Count II of plaintiff's complaint reads in, relevant part:
Defendants have inflicted, by their extreme and outrageous conduct, severe emotional distress upon Plaintiff. Defendants created such a tension-filled working atmosphere that it became extremely difficult for Plaintiff to do her work and discharged Plaintiff in such a manner as to cause her severe embarassment [sic] and humiliation.
The Court has examined plaintiff's complaint and determines that virtually all of the allegations relate to employment discrimination. Baird's enumeration of her grievances regarding the tension-filled work atmosphere are all prefaced with the allegation that the defendants' actions were retaliatory against her for asserting her right to be free of religious discrimination. Plaintiff's Amended Complaint at Paragraphs 8-15. As retaliation for filing complaints is explicitly redressable under Title VII, the Court will dismiss plaintiff's complaint with regard to those allegations for lack of subject matter jurisdiction. The only exception that the Court finds is the allegations in Paragraph 16 relating to how she was treated after being told that she was discharged. With respect to these allegations, plaintiff has stated intentional infliction of emotional distress sufficiently separate from religious discrimination in employment to avoid pre-emption by Title VII. The Court will deny the motion to dismiss this count on this basis for those allegations.[14]

b. Sovereign Immunity Argument

Defendants argue that the United States has not waived immunity for this action. They are incorrect. Congress has waived immunity from liability for certain torts. Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Although Congress specifically exempted from this waiver of immunity: "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contractual rights", 28 U.S.C. § 2680(h), Congress did not include intentional infliction of emotional distress in this intentional tort exception. Congress amended this section on March 16, 1974 and did not avail itself of the opportunity to either add this tort or indicate that the list was not exhaustive.[15]Black v. Sheraton Corporation of America, 564 F.2d 531, 539-40 (D.C.Cir.1977); Avery v. United States, 434 F.Supp. 937, 945 (D.Conn.1977); but see Metz v. United States, 788 F.2d 1528 (11th Cir.1986). Accordingly, the Court finds that the sovereign has waived immunity for actions for the intentional infliction of emotional distress. Gross v. United States, 676 F.2d 295, 304 (8th Cir. 1982); Crain v. Krehbiel, 443 F.Supp. 202, 211 (N.D.Cal.1977). As the state of Maryland has recognized the tort of intentional infliction of emotional distress, Harris v. Jones, 281 Md. 560, 380 A.2d 611 (1977), a cause of action against the United States could proceed when this tort occurred in this state. 28 U.S.C. § 1346(b).[16]
*377 However, the Court will dismiss the complaint with respect to the defendants in their official capacities on a ground not raised by the defendants. As noted above in Section I.c. of the Court's discussion of Count I of plaintiff's complaint, the Court must construe all waivers of sovereign immunity strictly. Thigpen, supra, 800 F.2d at 394; Radin, supra, 699 F.2d at 685. Baird has not complied with the procedural aspects of the Federal Tort Claims Act. The Court finds no indication in her complaint or subsequent memoranda that plaintiff submitted her claim for recovery to the appropriate government agency as is required. 28 U.S.C. § 2675(a).[17] Second, Baird has not named the proper defendant, the United States. Under the Federal Tort Claims Act the only proper defendant is the United States. 28 U.S.C. §§ 1346(b) and 2679(a); Metz v. United States Postal Service, (4th Cir., Jan. 4, 1988) [836 F.2d 1342 (table)].

c. Failure to State a Cause of Action

However, even were the Court not to dismiss the claim against the defendants in their official capacities on the failure to comply with the procedures of the Federal Tort Claims Act, the Court would dismiss this count because plaintiff has not stated a cause of action for the intentional infliction of emotional distress. To make a prima facie case of this tort Baird must show that:
1) defendants acted intentionally or recklessly;
2) their conduct was extreme and outrageous;
3) the wrongful conduct caused the emotional distress;
4) the emotional distress was severe.
Harris, supra, 281 Md. at 566, 380 A.2d 611.
The Court first determines whether reasonable people could find that the conduct involved was extreme and outrageous. Harris, supra, 281 Md. at 569, 380 A.2d 611. This is conduct that "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Harris, supra, 281 Md. at 567, 380 A.2d 611. Further, the conduct must completely deny "the plaintiff's dignity as a person." Leese v. Baltimore County, 64 Md.App. 442, 469-470, 497 A.2d 159 (1985), cert. denied, 305 Md. 106, 501 A.2d 845 (1985), quoting Dick v. Mercantile-Safe Deposit and Trust Company, 63 Md.App. 270, 276, 492 A.2d 674 (1985). Since recognizing this tort, the Court of Appeals of Maryland has ruled that this prima facie case was established in an employment situation in only one case. In that case, the plaintiff, a loyal employee of many years, was ordered by her employer to take a lie detector test to determine if she had been involved in employee theft. She suffered from a nervous condition prior to this request, and was so distraught as to be completely disabled for a significant period of time. Moniodis v. Cook, 64 Md. App. 1, 16, 494 A.2d 212 (1985), cert. denied 304 Md. 631, 500 A.2d 649 (1985).
As required by Butz and Harlow, the Court must not accept plaintiff's conclusions, but must look to the factual allegations of the complaint. The Court restricts itself to the paragraph regarding defendants' treatment of her while firing her.
Paragraph 16: On January 17, 1984, Plaintiff was discharged by Defendants in retaliation for asserting her civil right to be free from religious discrimination. When she asked why she was being discharged, she was told that because she was a "temporary employee," Defendants *378 did not have to give her a reason. When she was told she was discharged and to clear her post, Veterans Administration agents, including Ms. Ziek, followed Plaintiff around and called a guard to watch her and restrict her movements. Defendants refused to allow Plaintiff privacy to telephone her attorney. Similarly situated persons have never been treated in this degrading manner.
The Court finds that plaintiff has failed to satisfy at least two elements of the tort. First, although named defendants Ziek and Magness could have treated Baird more respectfully, their behavior does not approximate the extreme and outrageous conduct required to maintain an action under a claim of intentional infliction of emotional distress. Further, the complaint states only that "Defendants have inflicted, by their extreme and outrageous conduct, severe emotional distress upon Plaintiff." Plaintiff's Amended Complaint, Paragraph 25; "As a result of Defendants' conduct, Plaintiff has been forced to seek medical attention." Plaintiff's Amended Complaint, Paragraph 21. However, plaintiff fails to bring the Court's attention to what if any symptoms she experienced or their severity.
The Court notes that it would come to the same conclusion even if it were not scrutinizing plaintiff's complaint according to the special standards accorded federal employees. Harlow, supra, 457 U.S. at 817-18, 102 S.Ct. at 2737-38; Butz, supra 438 U.S. at 507-08, 98 S.Ct. at 2911-12. The Court will dismiss this count of the complaint against all defendants in their official capacities for failure to state a cause of action.

II. Defendants in their Individual Capacities
Defendants argue here that Title VII pre-empts this cause of action, that the defendants have absolute immunity from liability for state law tort claims under Barr, supra, 360 U.S. 564, 79 S.Ct. 1335, and that plaintiff has failed to state a cause of action.

a. Title VII Pre-emption

As noted above, the Brown decision did not purport to address the liability of individual defendants. The Court of Appeals for the Fourth Circuit has explicitly reserved ruling on whether § 717 of Title VII pre-empts a Fifth Amendment cause of action against individual federal supervisors in an employment discrimination case, Chisholm v. United States Postal Service, 665 F.2d 482, 489 n. 10 (4th Cir.1981), and has not addressed the issue with respect to other causes of action. The weight of authority is that § 717 also prevents federal employees from recovering from their supervisors as individuals for causes of action arising from employment discrimination. White v. General Services Administration, 652 F.2d 913, 917 (9th Cir.1981); Newbold v. United States Postal Service, 614 F.2d 46, 47 (5th Cir.1980), cert. denied 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980); McLaughlin v. Hoffman, 547 F.2d 918, 921 n. 5 (5th Cir.1977); Gissen v. Tackman, 537 F.2d 784, 786 (3rd Cir.1976); Stith v. Barnwell, 447 F.Supp. 970, 974 (M.D.N.C.1978); Berio v. EEOC, 446 F.Supp. 171, 174 (D.D.C.1978).
The only authority to the contrary that the Court can find are two cases from the District Court for the District of Columbia, one issued before the Berio decision, one after, and the opinion in the Chisholm case, noted above, from the District Court. In Chisholm v. United States Postal Service, the District Court permitted a Fifth Amendment claim to go forward against all of the defendants, the Postal Service as well as the individual defendant, in part because some of the racial discrimination had occurred before the effective date of § 717. However, the Court in that case restricted relief under the Fifth Amendment cause of action to back pay and other injunctive relief, and did not permit damages. 516 F.Supp. 810, 871 (W.D.N.C.1980), affirmed on other grounds, supra, 665 F.2d 482. In Brosnahan v. Eckard, 435 F.Supp. 26, 28 (D.D.C. 1977), the Court simply noted that the Supreme Court's decision in Brown did not address the issue of lawsuits against individual *379 defendants. In Neely v. Blumenthal, the Court reasoned that, as the holding in Brown was based on sovereign immunity, any suit against defendants in their individual capacities would not be barred from proceeding. 458 F.Supp. 945, 954-5 (D.D.C.1978).[18] While the Court agrees that, from an academic standpoint, the Neely holding is correct, the result of permitting suits that are essentially employment discrimination suits to proceed against individual federal supervisor defendants would "allow [Congress'] careful and thorough remedial scheme to be circumvented by artful pleading," precisely the result that the Brown Court wished to avoid. Brown, supra, 425 U.S. at 833, 96 S.Ct. at 1968. Further, while "[t]he relief afforded by Title VII, including the monetary back pay component, is of course directed at the government, ... plaintiff has no right to insist that his recovery come out of the pocketbooks of his superiors rather than out of governmental funds." Neely, supra, 458 F.Supp. at 957. This Court therefore joins with the other courts that have so ruled and holds that § 717 also bars suits against a federal employee's supervisors on other causes of action, be they civil, constitutional or state law, when the gravamen of the complaint arises from employment discrimination.
As discussed above in Section I.a. of its discussion for this count, the Court has determined that all but the allegations regarding defendants' treatment of her during discharge arise from employment discrimination. The Court will grant the motion to dismiss against all defendants in their individual capacities with respect to all of plaintiff's other grievances, and would deny it on this basis for the portion relating to the manner of her discharge.[19]

b. Official Immunity

Defendants argue that this count should be dismissed because defendants, as federal officers, are absolutely immune from liability for state law torts, as long as they are acting within the outer perimeter of their duties. Barr, supra, 360 U.S. 564, 79 S.Ct. 1335; General Electric Co. v. United States, 813 F.2d 1273, 1276-1277 (4th Cir.1987), judgment vacated 484 U.S. 1022, 108 S.Ct. 743, 98 L.Ed.2d 756 (1988). The Court notes that the memoranda in this case were filed before the Supreme Court's recent decision in Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). In this case, the Supreme Court rejected the formulation of the Court of Appeals for the Fourth Circuit of the Barr doctrine, as stated in General Electric Co., supra, and stated that, for federal defendants to be entitled to immunity, their alleged tortious conduct must also be discretionary in nature. Westfall, supra, 108 S.Ct. at 584. Further, the discretion must involve more than a modicum of choice, but must be of such a nature that the prospect of liability would hamper effective government. Id. 108 S.Ct. at 584-585. The Court finds that, although plaintiff's complaint reveals that the defendants were acting well within the outer perimeter of the scope of their duties, plaintiff's complaint sufficiently alleges that the tortious conduct of the defendants was not discretionary. The Court would not dismiss this count of the complaint against defendants in their individual capacities on this basis.

c. Failure to State a Cause of Action

The reasoning in Section I.c. of the Court's discussion of this count is equally applicable to the complaint against the defendants in their individual capacities. The Court will dismiss this count of the complaint in its entirety against all defendants in their individual capacities.

*380 Count III: Constitutional Tort

I. Defendants in their Official Capacities
Although Baird does not state in her complaint whether she is suing the defendants in their individual or official capacities or both, she concedes in subsequent memoranda that she cannot sue the defendants in their official capacity on this count. Radin, supra, 699 F.2d at 684-85; Bartel v. FAA, 725 F.2d 1403, 1414 n. 20 (D.C.Cir.1984). The Court will therefore dismiss this count of the complaint against the defendants in their official capacities.

II. Defendants in their Individual Capacities
Defendants argue that this count of plaintiff's complaint should be dismissed for two reasons. First, they argue that § 717 of Title VII precludes actions based directly on the Constitution against federal supervisors. Their other argument is that plaintiff has failed to state a claim.[20] Because for this count, the failure to state a claim is integrally related to the availability of an alternative statutory remedy, the Court will discuss the two arguments in reverse order.

a. Failure to State a Cause of Action

Plaintiff in this count alleges that "Defendants have willfully and maliciously denied Plaintiff her rights under the first and fifth amendments to the United States Constitution to freely exercise her religious beliefs and to due process by scheduling her to work on her Sabbath, by impugning her religious beliefs, by giving her evaluations lower than she deserved because she has asserted her right to be free from religious discrimination, and by discharging her for asserting her right to be free from religious discrimination." Plaintiff's Complaint at p. 8.
The Supreme Court in the case of Bivens authorized a damages remedy against individual federal officials for violations of the Fourth Amendment. Supra, 403 U.S. 388, 91 S.Ct. 1999. Subsequently, the Supreme Court authorized such a damages remedy for violations of the Due Process Clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the Cruel and Unusual Punishment Clause of the Eighth Amendment. Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). "In each of these cases, as in Bivens itself, the Court found that there were no `special factors counselling hesitation in the absence of affirmative action by Congress,' no explicit statutory prohibition against the relief sought, and no exclusive statutory alternative remedy." Schweiker v. Chilicky, 487 U.S. 412, ___, 108 S.Ct. 2460, 2466, 101 L.Ed.2d 370 (1988). For the plaintiffs in Bivens, Davis, and Carlson, it was "damages or nothing." Bivens, 403 U.S. at 410, 91 S.Ct. at 2012.
In its recent ruling, the Supreme Court described its exercise of caution in extending the Bivens doctrine beyond those boundaries. Schweiker, supra, 487 U.S. at ___, 108 S.Ct. at 2466. In the case of Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), upon which the defendants rely, the Court declined to permit a private right of action under the Freedom of Speech Clause of the First Amendment to a federal employee who had been demoted for publicly criticizing the *381 agency for which he worked. Plaintiff had exercised his rights under the Civil Service Reform Act, Title 5 U.S.C. § 2302, which resulted in his reinstatement in his former position with full back pay. He then sued his supervisor for individual liability for violating his First Amendment right. The Court concluded that Congress had provided plaintiff with meaningful remedies, and ruled, in effect, that the existence of the CSRA was a special factor counselling hesitation. Bush, supra, 462 U.S. at 386, 103 S.Ct. at 2415. This was true even though CSRA did not bring plaintiff complete relief for the other damages he suffered. Bush, supra, 462 U.S. at 388, 103 S.Ct. at 2416.
In the instant case, defendants, relying on Bush, argue that the remedies provided by the government preclude plaintiff from suing them. Although the Supreme Court in the Bush case was discussing the CSRA rather than Title VII, and although the Court of Appeals for the Fourth Circuit earlier explicitly reserved ruling on the availability of a separate Fifth Amendment claim, Chisholm, supra, 665 F.2d at 489 n. 10, both Courts have concluded that the existence of an alternative remedy is a special factor counselling hesitation, as envisioned by the Bivens Court. Schweiker, supra, 487 U.S. at ___, 108 S.Ct. at 2466; Harding v. United States Postal Service, 802 F.2d 766, 767-8 (4th Cir.1986). Indeed, in the Davis case, the Supreme Court explicitly relied on the absence of a Title VII remedy for Davis to permit her case to go forward. Davis, supra, 442 U.S. at 245, 99 S.Ct. at 2277. There can therefore be no question that the existence of Title VII relief for plaintiff is a special factor counselling hesitation. Neely, supra, 458 F.Supp. at 957. Even though Congress has not provided the complete relief that Baird seeks, "Congress ... has not failed to provide meaningful safeguards or remedies for the rights of persons situated such as [plaintiff] ..." Schweiker, supra, 487 U.S. at ___, 108 S.Ct. at 2467. To the extent plaintiff's cause of action in this count arises from employment discrimination, she has failed to state a cause of action.
The Court has examined plaintiff's complaint and determines that, unlike in plaintiff's counts for breach of contract and intentional infliction of emotional distress, plaintiff's count is here inseparable from a claim for employment discrimination redressable under § 717. She does not allege that the defendants exercised any influence over the exercise of her religion outside of the work place. The violation of rights to religious freedom and due process she is alleging is the failure of her employer to accommodate her religious belief, and then her employer's subsequent reprisal against her for complaining about that failure.[21] These activities, if proven, constitute precisely the type of religious discrimination actionable under § 717. Plaintiff therefore cannot recover under a separate damages remedy implied directly from the Constitution. The Court will dismiss this count of the complaint as to all defendants in their individual capacities.

b. Title VII Argument

In addition to relying on Bush to argue that plaintiff cannot state a cause of action because of the availability of relief under § 717, defendants also rely solely on Brown to claim that Title VII pre-empts these constitutional causes of actions against these individual defendants. As discussed above in Section II.a. of the Court's discussion of plaintiff's Count II, the Court agrees. As the Court has determined that all of plaintiff's First and Fifth Amendment claims arise from employment discrimination, the Court will also grant the motion to dismiss on this basis.

Count IV: Conspiracy to Violate Civil Rights in Violation of Title 42 U.S.C. § 1985(3)

I. Defendants in their Official Capacities
Defendants argue here, as noted above, that Baird must sue the government under *382 § 717 of Title VII and not these defendants in their official capacities under § 1985(3). Also, they claim that sovereign immunity bars this claim against defendants in their official capacities. They further argue, in reliance on Bush v. Lucas, that Baird cannot use a separate damages remedy for violation of her First Amendment rights. Finally, they argue that plaintiff has not stated a claim under 42 U.S.C. § 1985(3).

a. Title VII Claim

The Court agrees with defendants that § 717 pre-empts a cause of action against the United States under § 1985(3). Although the Court of Appeals for the Fourth Circuit has not ruled on this issue, other courts have ruled that § 717 of Title VII pre-empts relief under § 1985(3) for discrimination for federal employees. See White, supra, 652 F.2d at 916; Newbold, supra, 614 F.2d at 47; Hofer v. Campbell, 581 F.2d 975, 978 (D.C.Cir.1978), cert. denied 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); McLaughlin, supra, 547 F.2d at 921 n. 5; Gissen, supra, 537 F.2d at 786.
Further, the Supreme Court has ruled that a plaintiff cannot use § 1985(3), which is a remedial statute creating no substantive rights, to recover for violations of Title VII. Great American Savings and Loan v. Novotny, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979); Keller v. Prince George's County, 827 F.2d 952, 957 (4th Cir.1987); Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001, 1007 (4th Cir.1987) "If the plaintiff's violations, once proven, would constitute a violation of § 2000e-16 [§ 717], the plaintiff's claim is not cognizable under § 1985(1) or (3)." Stith, supra, 447 F.Supp. at 974.
The Court must then review plaintiff's allegations to determine if they constitute violations of § 717. Count IV of plaintiff's complaint states, in relevant part:
Defendants have willfully and maliciously conspired to deprive Plaintiff of the right to religious freedom guaranteed her by law.
As above, Section II.a. of Count III, an examination of plaintiff's complaint reveals that this cause of action is no more than a restatement of grievances protected by § 717 of Title VII. Plaintiff makes allegations only about actions taken by her supervisors in the workplace with respect to scheduling her to work on her Sabbath, and their actions subsequent to her pursuing her grievance. These activities, if proven, constitute precisely the type of religious discrimination actionable under § 717. The Court will dismiss Baird's cause of action against the defendants in their official capacities, both because § 717 pre-empts this action for plaintiff, a federal employee, and because plaintiff could not use the mechanism of § 1985(3) to redress Title VII violations in any event.

b. Sovereign Immunity

The Court also agrees with the defendants' argument regarding sovereign immunity with respect to this count. § 1985(3) is solely a remedial statute and creates no substantive rights on its own. Novotny, 442 U.S. at 372, 376, 99 S.Ct. at 2351, 2352; Keller, supra, 827 F.2d at 957. Plaintiff must therefore demonstrate the source of the substantive right that defendants have violated. The source to which she points is the Free Exercise Clause of the First Amendment. However, plaintiff does not indicate, nor can the Court find, any authority for the proposition that the sovereign has waived its immunity to the extent of permitting a federal employee, or indeed anyone else, to recover damages from the federal treasury under the First Amendment. In addition, plaintiff has also not pointed to, nor can the Court find, any authority for the proposition that the sovereign has consented to be sued under any of the civil rights statutes, 42 U.S.C. §§ 1981 et seq.
In addition, the Court has determined that plaintiff's complaint is in reality one for employment discrimination. Not only can plaintiff not attempt to redress employment discrimination complaints through the mechanism of § 1985(3), Novotny, supra, 442 U.S. at 378, 99 S.Ct. at 2353; Ballinger, supra, 815 F.2d at 1007, but Congress' waiver of immunity for constitutional violations in the employment context is through *383 the exclusive route of § 717. Brown, supra, 425 U.S. at 835, 96 S.Ct. at 1969.
The Court will dismiss this count of the complaint against all defendants in their official capacities on this basis.

c. Pre-Emption by Bush Decision

Because the Bush decision related only to whether the Supreme Court would create a new judicial remedy for damages under the First Amendment against an individual supervisor, it is inapplicable to this count. The Court will not dismiss this count of the complaint on this basis.

d. Failure to State a Cause of Action

The Court will dismiss this count of the complaint for the same reasons as elaborated above in Sections I.a. and I.b. of its discussion of this count. Plaintiff must point to an independent source for liability, as § 1985(3) is solely a remedial statute. Novotny, 442 U.S. at 372, 376, 99 S.Ct. at 2349, 2351; Keller, supra, 827 F.2d at 957. As the Court has determined that plaintiff's allegations constitute violations of Title VII, plaintiff has not demonstrated an independent source of liability that is cognizable under § 1985(3). Novotny, supra, 442 U.S. at 378, 99 S.Ct. at 2352; Ballinger, supra, 815 F.2d at 1007; Stith, supra, 447 F.Supp. at 974. Plaintiff has therefore failed to state a cause of action.
Further, plaintiff has failed to allege other elements necessary to maintain this cause of action. To state a claim under Section 1985(3), plaintiff must allege five elements:
1. a conspiracy of two or more persons;
2. who are motivated by a specific classbased, invidiously discriminatory animus;
3. to deprive the plaintiff of the equal enjoyment of rights secured by the law to all;
4. which results in injury to the plaintiff as
5. the consequence of an overt act committed by the defendants in connection with the conspiracy.
Griffin v. Breckenridge, 403 U.S. 88, 102-103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 828-9, 103 S.Ct. 3352, 3355-3356, 77 L.Ed.2d 1049 (1983); Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir.1985); Ward v. Connor, 657 F.2d 45, 47 n. 2 (4th Cir.1981), cert. denied sub nom. Mandelkorn v. Ward, 455 U.S. 907, 102 S.Ct. 1253, 71 L.Ed.2d 445 (1982). As discussed above, she has not adequately alleged element 3. Further, while the Court finds that plaintiff has adequately alleged elements 2, 4 and 5, she has inadequately alleged any communication or cooperation between the defendants to enable the Court to infer the existence of an agreement. Weathers, supra, 505 F.2d at 517.
Because the Court dismisses this count of the complaint on other grounds as well, and because plaintiff has already submitted two proposed amended complaints to the Court, the Court will not permit plaintiff the opportunity to amend to correct these defects. The Court will dismiss this count of the complaint against the defendants in their official capacities for failure to state a cause of action.

II. Defendants in their Individual Capacities
For this part of plaintiff's Count IV, defendants raise also their claim of pre-emption by Title VII, the argument that Bush precludes a private damages remedy by a disgruntled employee against her supervisors, the claim that plaintiff cannot sue federal officials under § 1985(3), and the argument that plaintiff has failed to state a cause of action.[22]

a. Title VII Claim

The Court has concluded, in Section II.a. of its discussion of plaintiff's Count II, that § 717 precludes plaintiff from pursuing relief against her supervisors for damages when her cause of action arises from employment discrimination. As stated above in Section I.a. of its discussion for this count, the Court has determined that there is a precise fit between plaintiff's Title VII *384 claims and the claim she is alleging here. The Court will therefore dismiss this count of the complaint against all defendants in their individual capacities.

b. Bush Pre-emption Claim

The Court finds that, as the Bush decision reiterated Bivens and discussed its applicability to the federal employment situation, finding that the existence of the CSRA was a "special factor counselling hesitation" for a Bivens cause of action, it is completely inapplicable to this count. The Court would not dismiss this count of the complaint on those grounds.

c. Failure to State a Cause of Action

As noted above in section I.d. of its discussion of this count, the Court finds that plaintiff has insufficiently alleged a cause of action. The Court will dismiss this count of plaintiff's complaint on this basis as well.

d. Liability of Federal Officials

Although courts have ruled both ways on this issue, the Supreme Court's decision in Griffin v. Breckenridge, 403 U.S. at 96-8, 91 S.Ct. at 1795-96, which held that an action under § 1985(3) could be maintained even in the absence of state action if the amendment upon which the action was based did not require state action, leads the Court to conclude that federal officials can be sued under § 1985(3). Hobson v. Wilson, 737 F.2d 1, 20 (D.C.Cir. 1984), cert. denied, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985); Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir.1980); Dry Creek Lodge, Inc. v. United States, 515 F.2d 926, 931 (10th Cir.1975), cert. denied 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981); Peck v. United States, 470 F.Supp. 1003, 1012-3 (S.D.N.Y.1979); Stith, supra, 447 F.Supp. at 973-4; Alvarez v. Wilson, 431 F.Supp. 136 (N.D.Ill. 1977). Most of the cases that held that federal officials could not be sued under this statute were decided prior to Griffin. Waller v. Butkovich, 584 F.Supp. 909, 939 (M.D.N.C.1984). The Court would not dismiss this count of the complaint against the individual defendants on this basis.

Count V: Violation of Civil Rights in Violation of Maryland Declaration of Rights Article 36
Since the government raises all of the same grounds that it raised on all of the above counts, the Court declines to indulge in any extended discussion. The Court will dismiss this count against the defendants in both their official and individual capacities on the grounds that there is no indication in Maryland law that there is any private right of action for damages under this Article.

Summary
In summary, the Court will grant the motion to dismiss the entire complaint against all defendants, for the following reasons:
Count I: The Court will dismiss Count I of plaintiff's complaint against the defendants in their official capacities because plaintiff has sued the wrong party in the wrong Court. The proper defendant is the United States rather than these individuals, and the Court of Claims is the only court with jurisdiction over this count. The Court rejects, however, defendants' argument that this count is pre-empted by § 717 of Title VII. The Court will grant the motion to dismiss Count I of plaintiff's complaint against the defendants in their individual capacities because she has failed to state a claim against them.
Count II: The Court will dismiss this count of the complaint against the defendants in their official capacities because the bulk of it is pre-empted by the relief available under § 717 of Title VII, because plaintiff has sued the wrong party, because plaintiff has failed to comply with the administrative requirements under the Federal Tort Claims Act, and because she has failed to state a cause of action for the part of this count not pre-empted by Title VII. The Court will dismiss the complaint against the defendants in their individual capacities because the bulk of plaintiff's allegations charge the defendants with employment discrimination and thus her cause of action is pre-empted by § 717, and because plaintiff has failed to state a claim in the remaining *385 allegations of this count of her complaint.
Count III: The Court will dismiss this count of the complaint against the defendants in their official capacities because plaintiff may not recover against the United States in a Bivens cause of action. The Court will dismiss this count of the complaint against the defendants in their individual capacities because plaintiff has failed to state a cause of action, and because this action is pre-empted by Title VII.
Count IV: The Court dismisses this count of the complaint against the defendants in their official capacities because § 717 of Title VII pre-empts plaintiff's recovery under this statute, because plaintiff cannot use § 1985(3) to redress violations of Title VII, because the United States has not consented to be sued in this fashion, and because she has failed to state a cause of action. The Court will dismiss this count of the complaint against the defendants in their individual capacities because § 717 of Title VII pre-empts this cause of action against federal supervisors, because plaintiff may not use § 1985(3) to redress violations of Title VII, and because she has not stated a cause of action.
Count V: The Court will dismiss this count of the complaint against the defendants in both their official and individual capacities because the Court finds no indication that Maryland has provided a private damages remedy under Article 36.
Defendants Haith and Culley: Were the Court not to dismiss all counts against all defendants in their official and individual capacities, the Court would also dismiss the entire complaint against these two defendants for failure to state a claim against them, as plaintiff does not name either defendant at any point in her complaint.

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, PAPER NO. 16
This proposed amended complaint adds only a request for attorney fees under Count IV, and does not change any of the allegations or the causes of action of plaintiff's complaint. Because the Court is dismissing plaintiff's amended complaint in its entirety, the Court will deny this motion.
The Court will enter a separate order incorporating its rulings.

ORDER
In accordance with the accompanying Memorandum, it is this 31st day of August, 1988 by the United States District Court for the District of Maryland
ORDERED:
1. that plaintiff's Opposition to Defendants' Petition for Removal, Paper No. 7, which the Court considers as a motion for remand, be, and hereby is, Denied;
2. that plaintiff's Motion for Leave to File Amended Complaint, Paper No. 11, be, and hereby is, Granted;
3. that defendants' Motion to Dismiss, Paper No. 6, be, and hereby is, Granted in its entirety;
4. that all counts of plaintiff's amended complaint be, and hereby are, Dismissed as to all defendants in both their official and individual capacities;
5. that plaintiff's Motion for Leave to File Second Amended Complaint be, and hereby is, Denied; and
6. that the Clerk of the Court shall mail copies of this Order with its accompanying Memorandum to all parties.
NOTES
[1] The sections of the two complaints labelled Facts are identical word for word, with only the following differences between the complaint before the Court in this case and the one in HM84-194. In HM84-1053, the additional allegations are: that plaintiff was told that her salary would be over $23,000.99 a year and that her salary was actually $22,281.00, Paragraphs 2 and 19, Declaration, Paper No. 4 (the docket entry number of plaintiff's complaint in the official Court file); that plaintiff was subjected to an unusual amount of surveillance to force her to make mistakes, Paragraph 14; that plaintiff was forced to seek medical attention because of defendants' conduct, Paragraph 20; and that, as a probationary employee, plaintiff has no remedy under civil service laws, Paragraph 21. In HM84-194, the only addition to the description of events is the allegation that plaintiff has complied with all Title VII administrative requirements, Paragraph 20, Paper No. 1.
[2] The complaint in HM84-194 states that Baird is suing under Title VII without specifying § 717. As plaintiff was a federal employee, § 717, which was enacted in 1972 to extend Title VII protections to federal employees, is the only section under which plaintiff can claim relief.
[3] Plaintiff had initially named Haith as defendant. In an Order dated July 7, 1986, the Court dismissed Haith from the action and permitted plaintiff to amend her complaint to name Walters as the proper defendant. HM84-194, Paper No. 9. Plaintiff amended her complaint on July 15, 1986, substituting Walters for Haith as defendant. HM84-194, Paper No. 11.
[4] As noted above, note 1, the paper numbers are the docket entry numbers in the official Court file.
[5] The Court will treat this as a motion to remand.
[6] The Court relies on the factual allegations in plaintiff's complaint for the purposes of the motions pending before it. See section entitled Dismissal Under Rule 12(b)(6), below.
[7] The test for removal under § 1442(a)(1) is much easier to satisfy than the test to establish official immunity. Willingham v. Morgan, 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969). Plaintiff's allegations of malice, which arguably might suffice to defeat a motion to dismiss based on a claim of official immunity, do not suffice to defeat removal.
[8] See Defendants' Second Supplemental Memorandum in Support of Defendants' Motion to Dismiss, Paper # 12; Plaintiff's Response to Defendants' Second Supplemental Memorandum in Support of Defendants' Motion to Dismiss, Paper # 13; Supplement to Defendants' Second Supplemental Memorandum in Support of Defendants' Motion to Dismiss, Paper # 14; Plaintiff's Response to Defendants' Supplement to Second Supplemental Memorandum in Support of Motion to Dismiss, Paper # 15; Defendants' Third Supplemental Memorandum in Support of Defendants' Motion to Dismiss, Paper # 17; Plaintiff's Reply to Defendants' Third Supplemental Memorandum, Paper # 18; Memorandum of Additional Authority in Support of Defendants' Motion to Dismiss, Paper # 19.
[9] "Plaintiff sought informal counselling from Defendant's Equal Employment Opportunity (EEO) department in April, 1983." Paragraph 9, Plaintiff's Amended Complaint. "... Plaintiff was not orally counselled on her evaluation 90 days before it was given, as Defendant's personnel manual requires." Paragraph 12, Plaintiff's Amended Complaint.
[10] See the Court's discussion on defendants' individual liability for this count, below.
[11] With this finding, the Court makes no ruling on the sufficiency of the allegations for the statement of a cause of action for breach of contract.
[12] There is no contention here that the principal was not disclosed. Plaintiff herself attempts to get around the failure of her contract claim by alleging that these defendants as agents of the VA violated her contract. See Plaintiff's Response to Defendants' Second Supplemental Memorandum, Paper # 13, at pp. 2-3.
[13] The Court applies Maryland law for the state law claims because all of the events in question occurred in Maryland.
[14] The Court does not here make any holding regarding the sufficiency of the allegations of infliction of emotional distress, and will address that below.
[15] The 1974 amendment added:

"Provided, that, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, `investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."
[16] § 1346(b) provides that the United States would be liable:

for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
[17] § 2675(a) reads in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency and sent by certified or registered mail.
[18] The plaintiff in the Neely court attempted to obtain relief directly under the First Amendment. The Neely court, while ruling that § 717 did not pre-empt damages causes of action against individuals, ruled that the existence of Title VII remedies prevented any Bivens-style cause of action from proceeding. See the Court's discussion of plaintiff's Count III, below.
[19] As discussed in Sections I.c. and II.c. of this count, plaintiff has failed to state a cause of action for the part of this count surviving after the employment discrimination portion is removed.
[20] Defendants do not raise, as they might have, the issue of qualified, or "good faith" immunity for this count. Scheuers, supra, 416 U.S. 232, 247-248, 94 S.Ct. 1683, 1692; Butz, supra, 438 U.S. at 500, 98 S.Ct. at 2907; Harlow, supra, 457 U.S. at 817-18, 102 S.Ct. at 2737-38. Qualified immunity is an affirmative defense that defendants must plead. Gomez v. Toledo, 446 U.S. 635, 640-641, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980); Thurston v. United States, 810 F.2d 438, 443 (4th Cir.1987). The Court notes that, were it to conclude that this count of plaintiff's complaint should proceed, it would deny in part a motion to dismiss based on the defense of qualified immunity. Arguably, plaintiff has sufficiently alleged that defendants knowingly violated her First Amendment rights. However, with respect to her Fifth Amendment rights, the Court would grant the motion to dismiss, as plaintiff's complaint in this case, as well as her continuing Title VII action in the companion case of HM84-194, reveal that she did or will receive all of the process that she is due. See Harrison v. United States Postal Service, 840 F.2d 1149, 1154-1155 (4th Cir.1988).
[21] Plaintiff also alleges that defendants impugned her religious beliefs. While the Court does not like to envision such disparagement taking place, the Court finds that this vocalizing, in itself potentially protected by the First Amendment, cannot provide any basis for a cause of action for damages.
[22] As noted above, note 19, defendants have not raised the defense of their possible qualified or good faith immunity. The Court will therefore not address it.