George M. Kirk, Jr., David M. Feldman, Keith Orlando Edward Wyatt, Houston, Tex., for defendants.

### Mary Jayne IVANHOE, Plaintiff,

### v.

### Kenneth GABY, et al., Defendants.

### Civ. A. No. H–84–2816.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 12, 1985.

## ORDER

McDONALD, District Judge.

Pending before the Court is the Motion to Dismiss of Defendants Kenneth Gaby, James T. McBride, and John V. Sheehan. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be DENIED.

Defendants advance two arguments in support of their Motion. The Court will discuss each argument individually.

Initially, Defendants contend that Plaintiff has pled an employment discrimination claim and draw two conclusions that they argue warrant dismissal. First, Defendants argue that *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976) precludes Plaintiff from maintaining an employment discrimination action under any law other than Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Second, Defendants aver that, in order to maintain such a Title VII action, Plaintiff

must sue the head of the allegedly discriminating department or agency. *See Hall v. Small Business Administration,* 695 F.2d 175, 180 (5th Cir.1983), *citing* 42 U.S.C. § 2000e–16(c). The Court disagrees with both of these conclusions for the same reason, *i.e.,* that *Brown* does not require Plaintiff to sue under Title VII for the wrongs for which she seeks redress in the case at bar. *Brown* does not require Plaintiff to sue under Title VII because *Brown* applies only to claims that could be litigated under Title VII. *See, e.g., Kizas v. Webster,* 707 F.2d 524, 542–43 (D.C.Cir. 1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984) (plaintiff may not sue on constitutional grounds on matter that could be subject of lawsuit under Title VII). The claims Plaintiff presses in the case at bar deal with matters beyond simple employment discrimination, *i.e.,* invasion of privacy, deprivation of liberty and property interests, conspiracy to deprive of civil rights, and infliction of emotional distress. Courts interpreting *Brown* have frequently allowed plaintiffs to lodge claims related to matters covered by Title VII, but for which Title VII would not compensate. *See, e.g., Ray v. Nimmo,* 704 F.2d 1480, 1485 (11th Cir.1983) (plaintiff may maintain constitutional claim for agency's failure to follow merit promotion rules, for which Title VII provided no remedy); *Stewart v. Thomas,* 538 F.Supp. 891, 897 (D.D.C.1982) (Title VII does not compensate for assault and battery entailed in sexual harrassment, and plaintiff therefore may sue on those torts).

■ Defendants also argue that they are absolutely from liability under *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). *Barr* "protects an official from trial for actions which, even though tortious, nevertheless can be said to be within the outer bounds of the official's authority." *Williams v. Collins,* 728 F.2d 721, 727 (5th Cir.1984) (citation omitted); *accord, Claus v. Gyorkey,* 674 F.2d 427, 431 (5th Cir.1982). In order to avail himself of immunity under *Barr,* an official need only show that

" 'the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities ...,' " *Claus v. Gyorkey,* 674 F.2d at 431, *quoting Scherer v. Brennan,* 379 F.2d 609, 611 (7th Cir.1967), *cert. denied,* 389 U.S. 1021, 88 S.Ct. 592, 19 L.Ed.2d 666 (1967), and that the action of the official is connected with a "discretionary function." *Norton v. McShane,* 332 F.2d 855 (5th Cir.1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). As is evident from the earlier description of their jobs, all of the defendants were federal officials exercising discretionary functions, from Williams' immediate supervisor to officials higher in the chain of command.

*Williams,* 728 F.2d at 727. Defendants at the outset have made no showing that the actions of which Plaintiff complains arguably lay within the pale of Defendants' duties,[1] or that those duties were discretionary in nature. Thus, the existence of allegations of denial of due process and equal protection prevents the Court from altogether dismissing the claims at bar.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

---

1. Defendants have failed, for example, to disclose to the Court what those duties were, much less how the duties related to the course of events Plaintiff describes in her Complaint.