· **Gail D. JONES, Plaintiff,**

**v.**

· **William J. PERRY, et al., Defendants.**

**Civil No. AW–96–2335.**

United States District Court,
D. Maryland.

Oct. 18, 1996.

against Defendant Sheldon, however, this Court will deny the Motion to Dismiss.

### Background

This case arises out of Plaintiff's employment at the Defense Contract Audit Agency ("DCAA"). DCAA is a component of the Department of Defense, over which Defendant William J. Perry is the chief executive. Plaintiff worked at DCAA as a Clerical Assistant GS–5/5, and Defendant Sheldon worked at DCAA as a GS–12 Auditor. Plaintiff alleges that Sheldon sexually harassed her and other females at work repeatedly. Specifically, Plaintiff alleges that on or about November 3, 1995, Sheldon intentionally made physical contact with her breast, and later indicated that he had done so on purpose and that he was singling her out as his next victim. Plaintiff immediately filed a complaint about Sheldon with his supervisor, but nothing was done. Plaintiff claims that despite DCAA's sexual harassment policy, satisfactory action was not taken. Consequently, Plaintiff filed a formal EEO complaint on January 4, 1996, stating that Sheldon's behavior on November 3 and on previous occasions had left her extremely frightened and intimidated in the office. Plaintiff contacted her physician about the physical and emotional distress occasioned by this, and was counseled to leave. On February 6, 1996, Plaintiff submitted a memorandum to her employer indicating that she considered herself constructively discharged. On or about June 27, 1996, the Agency issued its final decision denying Plaintiff's claim of discrimination.

### Legal Standard

Under Fed.R.Civ.P. 12(b)(6), a court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, "all allegations ... are taken as true and all contravening allegations are taken to be false." *See generally* 5A C. Wright & Miller, *Federal Practice and Procedure* § 1368 at 520 (1990).

Jerry R. Goldstein, Goldstein, Handler & White, P.C., Bethesda, MD, Marc S. Levine, Bethesda, MD, for Gail D. Jones.

Allen F. Loucks, Lynne A. Battaglia, Office of the United States Attorney, Baltimore, MD, for William J. Perry.

### MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently pending before the Court is the Dismiss all Counts against Defendant Charles Sheldon. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). For the following reasons, the Court will grant the Motion in part and deny it in part. Because Plaintiff has stated that she is not suing Sheldon for a Title VII violation, Defendant's Motion on this issue is essentially moot. Nonetheless, since the Complaint can be read as including Sheldon in the Title VII claims, the Court will, in the interests of clarity, grant Defendants' Motion with respect to Title VII claims against Sheldon. With respect to the assault and battery claims

### Discussion

The Motion to Dismiss contemplated a dismissal of all allegations in Counts I and II against Defendant Sheldon. Count I alleges violations of Title VII, and Count II alleges assault and battery. Plaintiff clearly stated in her Opposition to the Government's Motion to Dismiss that she "has not named Mr. Sheldon in Count I and has requested relief only from the Government in that Count." Plaintiff's Opposition at 1–2. Consequently, the Motion to Dismiss is essentially moot insofar as it addresses Count I. However, because the original Complaint could reasonably be read to include Sheldon in Count I, this Court will grant the Defendant's Motion to Dismiss with regard to Count I, in the interest of clarity.

However, the Court will deny Defendants' Motion as relates to Count II. Defendant bases its argument in this part of its motion on case law stating that "Title VII preempts the assertion of common law causes of action against individual supervisory employees where the gravamen of the complaint arises from the alleged employment discrimination." *Baird v. Haith,* 724 F.Supp. 367, 378–379 (D.Md.1988). In her opposition, Plaintiff argues that Defendant Sheldon was not a "supervisor" to Plaintiff. Defendant argues that Sheldon did occupy a supervisory position with relation to Plaintiff. Defendant also argues that the *Baird* Court did not intend that its rule be limited to supervisors, and that its reference thereto is merely because that happened to be the relationship between the parties in *Baird.*

Plaintiff also claims that the case law cited by Defendants is inapplicable here for an additional reason. In addressing Defendants' reliance on *Jackson v. American Chemical Society,* 812 F.Supp. 239, 243 (D.D.C.1993) and *Weiss v. International Brotherhood of Electrical Workers,* 729 F.Supp. 144, 147 (D.D.C.1990), Plaintiff distinguishes these cases from the immediate case by noting that these cases address claims of intentional infliction of emotional distress, not claims of assault and battery. Plaintiff references *Stewart v. Thomas,* 538 F.Supp. 891 (D.D.C.1982), which held that while a claim for intentional infliction of emo-

tional distress caused by the discrimination underlying the Title VII claim could be dismissed as subsumed by Title VII under certain circumstances, the causes of action for assault and battery should not be dismissed. *Stewart,* 538 F.Supp. at 897. In response to this argument, Defendants note that the *Stewart* court did not hold that assault and battery claims would automatically go forward. Rather, the court held that "[t]o the extent that Title VII fails to capture the personal nature of the injury done to the plaintiff as an individual, the remedies provided by that statute fail to appreciate the relevant dimensions of the problem in this case." 538 F.Supp. at 897. Defendants argue that the crux of the issue is the extent to which the common law cause of action arises from the Title VII employment discrimination.

Even accepting Defendants' legal arguments as true, however, there remains a factual question as to whether the alleged assault and battery did arise from the type of employment discrimination contemplated by Title VII. Construing all the alleged facts in favor of the Plaintiff at this juncture, the Court believes that it is possible that Plaintiff could prove that the assault and battery was sufficiently separate from the alleged Title VII violation by the government. Although the two claims arose from the same set of events, there remains the possibility that the two are distinct. As the *Baird* court stated regarding the common law claim of emotional distress, "to the extent she has alleged intentional infliction of emotional distress separate from discrimination, *even though the two causes of action arose from the same series of events,* ... [the law] does not require preemption by § 717 [of Title VII]." 724 F.Supp. at 375. Because this Court believes that there is a possibility that Plaintiff could prove that the two causes of action are distinct in this way, this Court must deny Defendants' Motion to Dismiss regarding Count II and must allow the parties to clarify this factual issue in later proceedings.

Finally, the Court finds unpersuasive Defendants' argument that because no diversity is alleged and because there is no independent basis of subject matter jurisdiction, this

Court lacks jurisdiction over this common law claim. Because the Title VII issues in this Complaint are within this Court's jurisdiction, this Court may choose to preside over the common law claim against Sheldon under supplementary jurisdiction.

Accordingly, the Court will grant Defendants' Motion to Dismiss regarding any claims against Defendant Sheldon under Count I, and will deny Defendants' Motion to Dismiss as it applies to the assault and battery claims against Sheldon in Count II. A separate Order consistent with this opinion will issue.

### ORDER

In accordance with the Memorandum Opinion, it is this 18th day of October, 1996, ORDERED:

1. That Defendants' Motion to Dismiss with respect to any Title VII claims against Defendant Sheldon under Count I, BE, and the same hereby IS, GRANTED;

2. That Defendants' Motion to Dismiss with respect to assault and battery claims against Defendant Sheldon under Count II, BE, and the same hereby IS, DENIED; and

3. That the Clerk of the Court mail copies of this Order and the Memorandum Opinion to all counsel of record.