Brenda VISOR, Doris Farrar, Naomi Easler, Robert Williams, and Olivette Cooper, Plaintiffs,

v.

SPRINT/UNITED MANAGEMENT COMPANY, Defendant.

Civil Action No. 96–K–1730.

United States District Court, D. Colorado.

May 21, 1997.

32

Paula Greisen, David Miller, Miller, Lane & Killmer, L.L.P., Denver, CO, for Plaintiffs.

Janet A. Savage, Davis, Graham & Stubbs, L.L.P., Denver, CO, for Defendant.

## ORDER

KANE, Senior District Judge.

This employment discrimination action is before me on the motion of Defendant Sprint/United Management Company ("Sprint") to dismiss Plaintiffs' state law claims for breach of contract, promissory estoppel and outrageous conduct, as well as the claims of Plaintiffs Farrar and Williams for Title VII retaliation. I grant the motion to dismiss the claim for outrageous conduct, but deny the motion in all other respects.

■ Sprint offers three arguments in support of its Motion to Dismiss. First, Sprint argues Plaintiffs' state law claims are subsumed or preempted by Title VII because they are based upon the same facts. The only published decision in this circuit that supports Sprint's position is *Price v. Public Serv. Co. of Colorado*, 850 F.Supp. 934, 951 (D.Colo.1994), *judgment rev'd on other grounds*, 89 F.3d 851 (10th Cir.1996) (unpublished disposition). *Price*, in turn, relies on an unpublished decision in *Cook v. Rocky Mountain Bark Note Co.*, 91–F–1505 (Finesilver, J.), which purports to adopt the holding in *Stewart v. Thomas*, 538 F.Supp. 891 (D.D.C. 1982).

In *Stewart*, the district court ruled that the intentional infliction of emotional distress claim of plaintiff, who was a federal employee, was "subsumed" by her Title VII claim to the extent they were based on the same factual allegations. 538 F.Supp. at 896. The district court said nothing, however, about private employees suing under Title VII.

The *Stewart* "subsumption" doctrine applies exclusively to tort claims filed in conjunction with a Title VII claim by federal employees. *Richard v. Bell Atlantic Corp.*, 946 F.Supp. 54, 76 (D.D.C.1996). As the

court in *Richard* explained, the *Stewart* case applied *Brown v. General Serv. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976), which states that Title VII provides the "exclusive judicial remedy for claims of discrimination in federal employment." The court further explained that

> [t]he Supreme Court's decisions in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) and in *Brown* demonstrate that the holding in *Stewart* cannot extend to private-sector employees suing under Title VII. In *Johnson*, the Supreme Court noted [that] [d]espite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief. '[T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes.'

*Richard*, 946 F.Supp. at 76. The Plaintiffs in the instant action are not federal employees and the subsumption doctrine applied in *Stewart* and "adopted" by Judge Sparr in *Price* has no bearing on their state claims.

This is not to say, however, that all of Plaintiffs' state law claims will necessarily survive Defendant's Motion to Dismiss.

■ Sprint's second argument is that Plaintiffs' Sixth Claim for Relief for outrageous conduct is preempted by the Colorado Workers' Compensation Act. I do not reach the argument because I find the claim dismissible for the reasons set forth in *Gard v. Teletronics Pacing Sys., Inc.*, 859 F.Supp. 1349, 1354 (D.Colo.1994).

Plaintiffs support their Sixth Claim for Relief for outrageous conduct by "incorporat[ing]", by reference the allegations supporting their employment claims (*see* Am. Compl. ¶ 52) and then adding that "Defendant's course of conduct as described in this [Amended] Complaint was extreme and outrageous" and "done with the intent of causing the Plaintiffs severe emotional distress." (*Id.*, ¶¶ 53–54). These allegations are insufficient to support an independent claim for outrageous conduct under Colorado law.

■ The test for outrageous conduct in Colorado is set forth in *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970). "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Id.* at 756, (adopting Restatement (Second) of Torts § 46 (1965)). The tort contemplates an extreme level of *independently ascertainable* misconduct from which the "ineluctable conclusion" is the calculated or reckless infliction of severe mental suffering. *Gard v. Teletronics Pacing Sys., Inc.*, 859 F.Supp. 1349, 1354 (D.Colo.1994) (applying Colorado law) It is not meant to be an "incantation to augment damages" in an employment discrimination or any other state or federal tort action. *Id.*

■ Where the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state an independently cognizable claim for which relief can be granted under Rule 12(b)(6). Accordingly, Plaintiffs' Sixth Claim for Relief is dismissed. I do not reach Sprint's assertion that the claim for outrageous conduct is preempted by the Colorado Workers' Compensation Act.

■ Finally, Sprint argues the Title VII retaliation claims of Plaintiffs Farrar and Williams should be dismissed because they were not raised before the EEOC as part of these Plaintiffs' administrative complaints. I disagree. In a line of cases beginning with *Brown v. Hartshorne Public School Dist. No. 1*, 864 F.2d 680, 682 (10th Cir.1988), the Tenth Circuit has adopted a rule that an act committed by an employer in retaliation for filing and EEOC complaint is "reasonably related" to that complaint such that a claim for retaliation is encompassed by it.

■ Where, as here, a plaintiff asserts he was retaliated against after filing his initial charge of discrimination with the EEOC (*see* Am. Compl. ¶¶ 31–32) and can establish that

**34**

fact in discovery, the need for a separate EEOC complaint is obviated and a court may properly consider the claim. *Brown* at 682. Accordingly, I reject Sprint's assertion that the retaliation claims of Farrar and Williams should be dismissed.

The Motion to Dismiss is GRANTED in part and DENIED in part. The Motion to Dismiss Plaintiffs' Sixth Claim for Relief for Outrageous Conduct is GRANTED. The Motion to Dismiss various of Plaintiffs' other claims is DENIED.