**Denise BRUNETTI, Plaintiff,**

v.

**Robert E. RUBIN, Secretary of the United States Department of the Treasury, and Noreen Medeiros, Defendants.**

No. CIV.A. 97–B–2126.

United States District Court,
D. Colorado.

April 2, 1998.

John R. Holland, Kim L. Morris, Law Offices of John Robert Holland, Denver, CO, for Plaintiff.

Henry L. Solano, U.S. Attorney, Richard C. Kaufman, Asst. U.S. Atty., Denver, CO, for Rubin and Medeiros.

J. Greg Whitehair, Lorrie A. Bade, Patton Boggs, L.L.P., Denver, CO, for Medeiros.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Noreen Medeiros (Medeiros) moves to dismiss the extreme and outrageous conduct claim of plaintiff, Denise Brunetti. The motion is adequately briefed and oral argument will not materially aid its resolution. For the reasons set forth below, I grant in part and deny in part Medeiros' motion to dismiss.

## I. PLEADING STANDARDS

Fed.R.Civ.P. 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *accord Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.1988). In reviewing the sufficiency of the complaint, a court must presume that the plaintiff's factual allegations are true and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *accord Meade,* 841 F.2d at 1526.

One must read Fed.R.Civ.P. 12(b)(6) in conjunction with Fed.R.Civ.P. 8(a), which establishes the requirements for adequately pleading a claim in federal court. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, at 154–159 (1990). Nonetheless, a plaintiff

must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## II. BACKGROUND

I derive the following alleged facts from the complaint. To the extent that plaintiff and Medeiros refer to evidence outside the pleadings in their briefs, I exclude such evidence from consideration. *See* Fed.R.Civ.P. 12(b).

Plaintiff commenced her employment with the Internal Revenue Service (IRS) in July 1986. In 1988, the IRS promoted plaintiff to Secretary for the Branch Chief, Rocky Mountain District. (Compl. ¶ 14.) Medeiros became plaintiff's immediate supervisor in September 1994. Beginning in October 1994, Medeiros allegedly sexually harassed plaintiff. (Compl. ¶ 15.) Plaintiff makes the following specific allegations:

1) Medeiros insisted that plaintiff accompany her on out of town business trips and that, despite plaintiff's objections, they sleep in adjoining hotel rooms with the connecting door open.

2) Medeiros repeatedly contacted plaintiff via telephone after work and on weekends without business justification. Medeiros also appeared at plaintiff's house without invitation.

3) After plaintiff complained about the travel arrangements and telephone calls to Medeiros' supervisor, Medeiros accused plaintiff of betrayal and told plaintiff that she had "feelings for her that she did not know how to handle."

4) Medeiros repeatedly touched plaintiff in an offensive manner, including touching or brushing her breasts, lips and knee. Medeiros also allegedly straightened plaintiff's collar and rearranged her clothing to show more of plaintiff's chest, intentionally bumped into plaintiff, held plaintiff's hand, stroked her hair, unbuttoned her collar, hugged her tightly, sent her expensive gifts and flowers. This alleged inappropriate touching continued even after plaintiff requested that Medeiros cease. Plaintiff also complained to her supervisors in October 1994, December 1994, January 1995, and April 1996.

5) Medeiros misused her authority as Branch Manager to intimidate plaintiff and engage in retaliation.

6) The alleged sexual harassment concluded only after the IRS transferred Medeiros to a different office in April 1996.

(Compl. ¶¶ 17–18.) Plaintiff commenced this action September 30, 1997, alleging two claims for relief: (1) gender harassment in violation of § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1994) (Title VII) against the IRS only; and (2) extreme and outrageous conduct against Medeiros only.

## III. ANALYSIS OF MOTION TO DISMISS

Medeiros offers three arguments in support of her motion to dismiss. First, Medeiros argues that plaintiff's state common law tort claim of extreme and outrageous conduct is subsumed or preempted by Title VII. Second, Medeiros contends that plaintiff's allegations are insufficient as a matter of law to state a claim for extreme and outrageous conduct. Lastly, Medeiros argues that, even if plaintiff's extreme and outrageous conduct claim states a claim upon which relief can be granted, this court should decline to exercise supplemental jurisdiction over such claim. I address each argument separately.

### a. Section 717(a) Subsumption or Preemption

 To maintain an action against the United States, federal agencies, or federal officials, the plaintiff must have a substantive right to the relief sought and explicit Congressional consent authorizing such relief. *Keesee v. Orr*, 816 F.2d 545, 547 (10th Cir. 1987) (citations omitted). Section 717(a) explicitly provides that all personnel actions affecting federal employees and applicants for federal employment "shall be made free

from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). Section 717(a) prohibits gender discrimination even when the alleged offender is of the same sex as the plaintiff. *Oncale v. Sundowner Offshore Services, Inc.,* —— U.S. ——, 118 S.Ct. 998, 1001–1002, 140 L.Ed.2d 201 (1998).

In *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that Title VII provides the "exclusive judicial remedy for claims of discrimination in federal employment." *Brown* at 835. The Supreme Court dismissed the plaintiff's 42 U.S.C. § 1981 claim after concluding that Congress unambiguously intended to create "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination" when it enacted section 717 in 1972. *Brown* at 828–829; *cf. Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (explicit legislative history of the Civil Rights Act of 1964 discloses congressional intent to allow, in the context of private sector employment, an employee to pursue independently his rights under both Title VII and other applicable remedies).

Since *Brown,* several courts have determined that § 717 does not subsume or preempt all claims that rely on the same nucleus of operative facts. In *Stewart v. Thomas,* 538 F.Supp. 891, 893 (D.D.C.1982), a federal employee alleged that she was the target of verbal and physical sexual harassment. Specifically, the federal employee alleged that her supervisor had made periodic sexual advances toward her, which included touching her body in a sexual manner, attempting to kiss her, and verbally pressuring her to engage in sexual relations. *Id.* She further alleged that he retaliated against her after she refused to submit to his sexual demands. *Id.* The federal employee sued under Title VII and under common law theories of assault, battery, and intentional infliction of emotional distress. *Id.*

The defendants moved to dismiss the intentional infliction of emotional distress claim on the ground that Title VII provides the exclusive remedy for all claims arising from the set of alleged facts. *Stewart* at 894. *Stewart* held that "*Brown* does not prohibit federal employees who allege employment discrimination from suing on any cause of action arising from the same facts." *Stewart* at 896. *Stewart* dismissed the federal employee's claim of intentional infliction of emotional distress to the extent the federal employee's emotional injuries resulted from the stressful work situation created by the defendant's discrimination. But to the extent that her emotional injuries were a direct result of her supervisor's assaultive behavior, *Stewart* held that the federal employee could maintain her claim. *Stewart* at 896–897. Thus, *Stewart* stands for the proposition that a federal employee who has brought a Title VII claim is not precluded from suing for "a highly personal violation" that goes beyond discrimination. *Stewart* at 896. *See also Brock v. United States,* 64 F.3d 1421, 1423 (9th Cir.1995) (if the type of the alleged harm to the federal employee is "highly personal," then Title VII is not the federal employee's exclusive remedy); *Ray v. Nimmo,* 704 F.2d 1480, 1485 (11th Cir.1983) (§ 717 does not foreclose federal employee's suit for deprivation of constitutionally protected property interest without due process); *but see Pfau v. Reed,* 125 F.3d 927, 933 n. 2 (5th Cir.1997) (declining, without explanation, to adopt the position taken by the Ninth Circuit in *Brock* ).

■ The Tenth Circuit has never addressed whether Title VII subsumes or preempts a state law tort claim brought by a federal employee against the employee's supervisor predicated on the same conduct that also supports the employee's Title VII claim against the federal employer. It would make little sense, however, to adopt a rule contrary to *Stewart.* By all indications, § 717 is the exclusive remedy available to federal employees for the redress of federal employment "discrimination." Thus, a federal employee may not simultaneously prosecute claims pursuant to § 717 and 42 U.S.C. § 1981 to redress alleged employment discrimination. *Belhomme v. Widnall,* 127 F.3d 1214, 1217 (10th Cir.1997) (§ 717 preempts any constitutional cause of action that a court might find under the First or Fifth Amendments for discrimination in federal employment). Nor may a federal employee simultaneously prosecute claims pursuant to § 717 and a state

anti-discrimination statute to redress alleged employment discrimination. Yet when the harms suffered by the federal employee involve more than discrimination, such harms may implicate other distinct rights, such as the right to be free from assault, battery, or intentional infliction of emotional distress.

*Brown*'s inquiry into the legislative history of § 717 focused on whether federal employees should be able to bring parallel actions under both Title VII and other provisions of federal law to redress the same basic injury. Nothing in that history, however, suggests that Congress intended to prevent federal employees from suing their employers or supervisors for constitutional, statutory, or common law violations against which Title VII provides no protection at all. Here, plaintiff bases her Title VII claim against the IRS and her tort claim against Medeiros on two distinct and independent rights: the right to be free from discriminatory treatment at one's work site and the right to be free from bodily or emotional injury caused intentionally by another person. *See Stewart* at 896. Accordingly, I hold that plaintiff may simultaneously seek redress for violations of each distinct and independent right. I dismiss, therefore, plaintiff's extreme and outrageous conduct claim only to the extent that she seeks redress for the alleged gender discrimination. Plaintiff's extreme and outrageous conduct claim remains viable to the extent that she seeks redress for Medeiros' alleged tortious behavior.

### b. Sufficiency of Extreme and Outrageous Conduct Allegations

Medeiros moves to dismiss plaintiff's extreme and outrageous conduct claim, contending that Medeiros' conduct, as alleged by plaintiff, does not satisfy the threshold test of outrageousness.

The elements of liability for the tort of extreme and outrageous conduct, also known as intentional infliction of emotional distress, are that: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the plaintiff incurred severe emotional distress that was caused by the defendant's extreme and out-

rageous conduct. *Culpepper v. Pearl Street Bldg., Inc.*, 877 P.2d 877, 882 (Colo.1994).

Proof of the tort of outrageous conduct under Colorado law must consist of either an extreme act, both in character and degree, or a pattern of conduct from which the decisive conclusion is that infliction of severe mental suffering was calculated or recklessly or callously inflicted on the plaintiff. *Gard v. Teletronics Pacing Systems, Inc.*, 859 F.Supp. 1349, 1354 (D.Colo.1994). The conduct must be so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Davies v. Philip Morris, USA*, 863 F.Supp. 1430, 1440 (D.Colo.1994).

The question whether certain conduct rises to the level of outrageousness is ordinarily a question of fact for the trier of fact. In the first instance, however, it is for the court to determine whether reasonable persons could differ on the outrageousness issue. *Simmons v. Prudential Ins. Co. of America*, 641 F.Supp. 675, 683 (D.Colo.1986) (citations omitted). In *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 780 (D.Colo.1982), *rev'd on other grounds*, 822 F.2d 908 (10th Cir. 1987), Judge Kane determined that a plaintiff must establish a certain minimum threshold level of conduct to state a cause of action for outrageous conduct. To meet this threshold, the plaintiff must allege either that: (1) defendant has engaged in a pattern of conduct that intended to cause or recklessly did cause severe emotional distress; or (2) if the incident is isolated, defendant blatantly and severely harassed plaintiff. *Rawson* at 780; *accord Brezinski v. F.W. Woolworth Co.*, 626 F.Supp. 240, 244 (D.Colo.1986).

Here, plaintiff's allegations are sufficient to withstand Medeiros' motion to dismiss. Plaintiff alleges that Medeiros engaged in a pattern of misconduct that includes offensive touching of a sexual nature that could cause severe emotional distress. Accordingly, I deny Medeiros' motion to dismiss based on the sufficiency of plaintiff's factual allegations.

## c. Exercise of Supplemental Jurisdiction

The decision to exercise supplemental jurisdiction is discretionary to the extent permitted by 28 U.S.C. § 1367(c). *James v. Sun Glass Hut of California, Inc.*, 799 F.Supp. 1083, 1084–1085 (D.Colo.1992). Section 1367(c) states that a district court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate over the federal claims. Here, the state law claim does not substantially predominate the federal claim. Though the elements for plaintiff's Title VII claim and her extreme and outrageous conduct claim are distinct, plaintiff relies on common evidence in support of both claims. Nor will the exercise of supplemental jurisdiction over plaintiff's extreme and outrageous conduct claim greatly complicate this action. Medeiros will be necessarily involved in the IRS's defense of the Title VII claim even though the only claim against Medeiros individually is for extreme and outrageous conduct. Thus, I will continue to exercise supplemental jurisdiction over plaintiff's claim against Medeiros for extreme and outrageous conduct.

Accordingly, I ORDER that:

1) defendant Medeiros' motion to dismiss is GRANTED in part and DENIED in part;

2) plaintiff's motion to strike sections B and C of defendant Medeiros' reply brief is DENIED as moot;

3) plaintiff's extreme and outrageous conduct claim is DISMISSED to the extent that plaintiff seeks redress from Medeiros for alleged gender discrimination; and

4) plaintiff's extreme and outrageous conduct claim remains viable to the extent that plaintiff seeks redress from Medeiros for Medeiros' alleged tortious behavior.