Ulysses COATES,

v.

**Alexis M. HERMAN, Secretary U.S. Department of Labor.**

No. CIV. 00–5991.

United States District Court, E.D. Pennsylvania.

Jan. 24, 2002.

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

Nadine M. Overton, U.S. Attorney's Office, Philadelphia, PA, for defendant.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil action is now brought before the Court for disposition of the defendant's motion to dismiss or, in the alternative for summary judgment. For the reasons set forth below, the motion shall be granted and the complaint dismissed.

### *Background*

This case arises out of the defendant's alleged failure to timely investigate and adjudicate the complaint which Plaintiff filed on August 14, 1994 with the Director, Directorate of Civil Rights ("DCR"), an entity within the authority of the Assistant Secretary for Administration and Management of the U.S. Department of Labor ("DOL"). In that complaint, Plaintiff alleged that personnel in the Office of Workers' Compensation Programs ("OWCP") engaged in disability and retaliation discrimination against him in the handling and rejection of his recurrence claim for workers' compensation benefits arising out of his employment with the Department of the Navy between June, 1970 through June, 1995. Following nearly a five-year delay, the DOL finally issued a determination on Mr. Coates' complaint on or about May 3, 1999 finding: (1) that the OWCP had reversed its decision to reject Plaintiff's recurrence claim and awarded him compensation benefits of some $41,000 for

the period between April 23, 1993 and June 30, 1995 (the date of his federal retirement), and (2) that the complaint had no merit as the evidence indicated that the OWCP's original rejection of Plaintiff's claim was the result of an error in judgment and technical deficiencies which were ultimately corrected through OWCP's internal review process. The DOL further denied Mr. Coates' demand for $125,000 in compensatory damages and $15,000 in attorneys' fees as unrecoverable due to the fact that Congress has not waived the federal government's sovereign immunity against compensatory damages for violations of Section 504's prohibition on discrimination in programs or activities conducted by a federal executive agency. *See, Lane v. Pena,* 518 U.S. 187, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Plaintiff appealed this decision to the EEOC, which affirmed the dismissal of the complaint on August 18, 1999 on the grounds that the case was moot since Plaintiff had received the FECA benefits to which he claimed entitlement. On November 27, 2000, Plaintiff brought this action pursuant to 42 U.S.C. § 2000e–16, alleging that the DOL engaged in reprisal in violation of Title VII, by stonewalling and delaying the investigation into his previous EEO complaint.[1]

### Standards Governing Rule 12(b)(6) and 56(c) Motions

Under Fed.R.Civ.P. 12(b)(6), a motion to dismiss may be granted only when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Quarles*

*v. Germantown Hospital & Community Health Services,* 126 F.Supp.2d 878, 880 (E.D.Pa.2000), (quoting *Hishon* ). The Court must accept all well-pleaded allegations as true and construe the complaint in a light most favorable to the plaintiff when determining whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *See, e.g., Lake v. Arnold,* 232 F.3d 360, 365 (3d Cir.2000); *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000).

Similarly, under Fed.R.Civ.P. 56(c), summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–32, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Oritani Savings & Loan Association v. Fidelity & Deposit Company of Maryland,* 989 F.2d 635, 638 (3rd Cir.1993); *Troy Chemical Corp. v. Teamsters Union Local No. 408,* 37 F.3d 123, 125–126 (3rd Cir.1994); *Arnold Pontiac–GMC, Inc. v. General Motors Corp.,* 700 F.Supp. 838, 840 (W.D.Pa. 1988).

### Discussion

█ By way of the motion which is now before us, Defendant asserts that Plaintiff has no cause of action against the DOL because his complaint does not pertain to a

---

**1.** Previously, Plaintiff had filed a complaint in mandamus requesting that this Court compel the DOL to process his August 14, 1994 complaint. This Court dismissed that complaint on the grounds that Plaintiff had no standing to assert his reprisal claim against the DOL under 29 C.F.R. § 1614 as he was neither an employee or an applicant for employment.

The Third Circuit affirmed the dismissal for failure to exhaust administrative remedies but directed the EEOC to suspend the 30 day time period for accepting appeals and to entertain any appeal filed on behalf of Mr. Coates. Thereafter, Plaintiff filed his appeal to the EEOC which subsequently affirmed on August 18, 1999.

personnel action by the agency. We agree.

Plaintiff's Amended Complaint asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e–16, which essentially extends all of the protections inherent in Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* generally to employees of the Federal Government. Specifically, 42 U.S.C. § 2000e–16(a) provides:

> All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

Similarly, under 29 C.F.R. Part 1614, "[i]t is the policy of the Government of the United States to provide equal employment opportunity in employment for all persons, to prohibit discrimination in employment because of race, color, religion, sex, national origin, age or handicap and to promote the full realization of equal employment opportunity through a continuing affirmative program in each agency" and thus "[n]o person shall be subject to retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Equal Pay Act, or the Rehabilitation Act or for participating in any stage of administrative or judicial proceedings under those statutes." 29 C.F.R. § 1614.101(a) and (b).

As noted in Section 1614.103(c),

> Within the covered departments, agencies and units, this part applies to all employees and applicants for employment, and to all employment policies or practices affecting employees or applicants for employment including employees and applicants who are paid from nonappropriated funds, unless otherwise excluded.

■ In this case, nowhere in his Amended Complaint does Mr. Coates allege that he is either an employee or an applicant for employment with the Department of Labor. Rather, he avers only that he "is a former civilian employee, having been employed by the Department of the Navy, Philadelphia Naval Shipyard, from June, 1970 through June, 1995" and that "DOL had engaged in reprisal, in violation of Title VII, by stonewalling an investigation into his previous EEO complaint." (Pl's Amended Complaint, ¶s 5, 45). While we would agree with Plaintiff that the length of time which it took the Department of Labor to investigate and resolve his complaint against the OWCP is indeed outrageous, it nevertheless does not give rise to yet another cause of action under either 42 U.S.C. § 2000e–16 or 29 C.F.R. Part 1614 given that he is neither an employee or applicant for employment. Indeed, it is clear that to maintain a cause of action against the United States, federal agencies, or federal officials, the plaintiff must have a substantive right to the relief sought and explicit Congressional consent authorizing such relief. *Brunetti v. Rubin,* 999 F.Supp. 1408, 1410 (D.Colo. 1998). In the absence of such express authorization then, we can only conclude that the Plaintiff has failed to state a claim

against the defendant upon which relief may be granted. *See Also, Adams v. Chao,* E.E.O.C. Appeal No. 01A11282, 2001 WL 991857 (Aug. 22, 2001); *Wagner v. Henderson,* E.E.O.C. Appeal No. 01A01553, 2000 WL 732059 (May 22, 2000).

An order follows.

### ORDER

AND NOW, this 25th day of January, 2002, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative, for Summary Judgment, and Plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED.